Eric R. Levine (EL 7677)
Jonathan C. Marquet (JM 0317)
EISEMAN LEVINE LEHRHAUPT
 & KAKOYIANNIS, P.C.
805 Third Avenue, 10th Floor
New York, New York 10022
212-752-1000
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

KEEFE, BRUYETTE & WOODS, INC.,

                Plaintiff,

-against-

PHILADELPHIA STOCK EXCHANGE, INC.,

                Defendant.

----------------------------------------------------------------x

JUDGE PRESKA

Case No **08 CV 1163**

**COMPLAINT**

Jury trial demanded

       Plaintiff Keefe, Bruyette & Woods, Inc. ("KBW" or "plaintiff"), by its attorneys,

Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK"), avers for its complaint, upon

knowledge with respect to its own acts and upon information and belief with respect to

all other matters, as follows:

## INTRODUCTION

      1.    This is an action for a declaratory judgment and money damages arising

from the breach and/or anticipated breach of a contract between KBW and the

Philadelphia Stock Exchange, Inc. ("PHLX") by the PHLX.

      2.    Prior to January 2004, the PHLX was a membership, not-for-profit

corporation owned by several hundred "seat holders." In November 2003, however,

PHLX's seat owners and members voted to approve a plan of demutualization that would

separate trading privileges from corporate ownership and would create a for-profit stock corporation (the "Demutualization"). After the vote, the Securities and Exchange Commission ("SEC") held a public comment period, comprehensively reviewed and approved the plan and the Demutualization was effected on January 20, 2004.

3.    In connection with the Demutualization, KBW provided financial advisory and investment banking services to the PHLX, pursuant to a contract, dated February 6, 2003 (the "KBW Engagement Agreement," a true and correct copy of which is annexed hereto as Exhibit A). Included in the KBW Engagement Agreement is an indemnification and reimbursement provision, by which PHLX agreed to indemnify and hold harmless KBW and to reimburse KBW for all expenses (including attorneys' fees) in connection with any actions, including, without limitation, any actions "related to or arising out of" the work KBW performed concerning the Demutualization. See Exhibit A at 4-6.

4.    Pursuant to the KBW Engagement Agreement, KBW has sought indemnification and reimbursement in connection with two lawsuits: (1) McGowan Investors LP, et al. v. Frucher, et al., No. 06-2558 (E.D. Pa.) (Brody, J.) (the "First McGowan Action"); and (2) McGowan Investors LP, et al. v. Keefe, Bruyette & Woods, Inc., et al., No. 07-2464 (E.D. Pa.) (Brody, J.) (the "Second McGowan Action"). Both the Fist McGowan Action – a case in which KBW is currently a non-party witness – and the Second McGowan Action arise from the Demutualization and the financial advisory and investment banking services KBW provided to the PHLX pursuant to the KBW Engagement Agreement.

5.    PHLX has refused and continues to refuse to indemnify and reimburse KBW in connection with the First McGowan Action and the Second McGowan Action, despite the fact that it is obligated to so indemnify and reimburse KBW pursuant to the KBW Engagement Agreement.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) (2) because the claims are between a citizen of New York State and a citizen or subject of a foreign state, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7.    Venue is proper pursuant to 28 U.S.C. § 1391 (a) (2) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district.

## THE PARTIES

8.    KBW is a corporation formed pursuant to the laws of New York.  KBW has its principal place of business at 787 Seventh Avenue, New York, New York 10019.

9.    PHLX is a corporation formed pursuant to the laws of Delaware.  PHLX has its primary place of business at 1900 Market Street, Philadelphia, Pennsylvania 19103-3584.

## BACKGROUND

10.    As referenced above, KBW was engaged by the PHLX to provide financial advisory and investment banking services in connection with the Demutualization.  The terms of this engagement are set forth in the KBW Engagement Agreement.  See Exhibit A.

11.    KBW complied with all of its obligations pursuant to the KBW

Engagement Agreement, and performed all of the financial advisory and investment

banking services contracted-for by the PHLX in connection with the Demutualization.

12.    PHLX accepted KBW's financial advisory and investment banking

services performed in connection with the Demutualization.

**The Indemnification And Reimbursement Provision**

13.    The KBW Engagement Agreement contains an indemnification and

reimbursement provision, which states, in relevant part:

> In connection with KBW's engagement (which engagement
> may have commenced prior to the date hereof) hereunder,
> the [PHLX] agrees to indemnify and hold harmless KBW
> and its affiliates, the respective directors, officers, agents
> and employees…from and against any losses, claims,
> damages or liabilities (or actions, including shareholder
> actions, in respect thereof) related to or arising out of such
> engagement or KBW's role in connection therewith, and
> will reimburse KBW and any other party entitled to be
> indemnified hereunder for all expenses (including counsel
> fees) as they are incurred by KBW or any such other
> indemnified party in connection with investigating,
> preparing or defending any such action or claim whether or
> not in connection with pending or threatened litigation in
> which KBW is a party.

See Exhibit A at 5-6.

**The First McGowan Action**

14.    The First McGowan Action was a purported shareholder class action

lawsuit brought against the PHLX and related parties, in the United States District Court

for the Eastern District of Pennsylvania.  It arose from the facts and circumstances

surrounding the Demutualization and a series of strategic investments that took place

thereafter.  KBW was not a named defendant in the First McGowan Action, although, as

discussed below, the plaintiffs in the First McGowan Action (the "McGowan Plaintiffs") attempted, on more than one occasion, to join KBW as a defendant.

15.     In or about February of 2007, PHLX and its attorneys informed KBW that the McGowan Plaintiffs were seeking to join KBW as a defendant in that action, and provided KBW with copies of various pleadings pertaining to the McGowan Plaintiffs' efforts to join KBW as a defendant. The McGowan Plaintiffs' basis for joining KBW as a defendant in the First McGowan Action was the financial advisory and investment banking services KBW performed for the PHLX in connection with the Demutualization.

16.     KBW retained ELLK in connection with the McGowan Plaintiffs' efforts to join KBW as a defendant in the First McGowan Action, and ELLK undertook certain legal work, and incurred certain expenses, in connection therewith.

17.     The United States District Court for the Eastern District of Pennsylvania dismissed the First McGowan Action with prejudice on March 31, 2007. Further, that Court denied, as moot, a motion made by the McGowan Plaintiffs to add KBW as a defendant in the First McGowan Action. Thereafter, on or about April 13, 2007, the McGowan Plaintiffs moved to vacate the dismissal and for leave to replead (including leave to join KBW as a defendant). Indeed, in connection with the motion, the McGowan Plaintiffs filed a proposed Second Amended Complaint on or about April 12, 2007, which included KBW as a defendant, and yet another proposed Second Amended Complaint, which also included KBW as a defendant, on April 16, 2007. The United States District Court for the Eastern District of Pennsylvania denied the motion to vacate the dismissal and for leave to replead, in its entirety.

18.    On or about October 8, 2007, the McGowan Plaintiffs filed a Notice of Appeal in connection with the dismissal of the First McGowan Action.

19.    To date, ELLK has billed KBW $8,723 for legal services and $1,097.17 for expenses in connection with the First McGowan Action. Invoices evidencing these amounts are annexed collectively hereto as Exhibit B.

20.    KBW has paid ELLK in full for the legal fees and expenses that have already been incurred and invoiced in connection with the First McGowan Action. However, because an appeal is currently pending in the First McGowan Action, KBW's need for indemnification and reimbursement is ongoing.

**The Second McGowan Action**

21.    The Second McGowan Action is a purported shareholder class action lawsuit brought in the United States District Court for the Eastern District of Pennsylvania against KBW and Joseph Spalluto ("Spalluto"), a managing director at KBW who was involved in providing KBW's financial advisory and investment banking services to the PHLX in connection with the Demutualization. It alleges various causes of action against KBW and Spalluto, all of which arise from the facts and circumstances surrounding the financial advisory and investment banking services KBW provided to the PHLX in connection with the Demutualization. The plaintiffs in the Second McGowan Action are exactly the same as the plaintiffs in the First McGowan Action, and, therefore, will also be referred to as the "McGowan Plaintiffs." Further, the claims asserted against KBW and Spalluto in the Second McGowan are substantially similar to those claims the McGowan Plaintiffs attempted to assert against KBW via the proposed amended complaints submitted in the First McGowan Action.

22.     The complaint in the Second McGowan Action was filed in the United States District Court for the Eastern District of Pennsylvania on or about June 18, 2007. Shortly after filing the complaint, the McGowan Plaintiffs sent a courtesy copy to KBW.

23.     Upon receipt of said courtesy copy, KBW retained ELLK to defend it (and to defendant Spalluto) in the Second McGowan Action.  In anticipation of being served with the complaint, KBW directed ELLK to begin work on a motion to dismiss.  ELLK undertook such work in late June and early July 2007.

24.     Pursuant to the indemnification and reimbursement provision in the KBW Engagement Agreement, the PHLX may, in some limited cases, seek to assume the defense of KBW:

> Upon notice of any actual or threatened claim as to which the foregoing indemnification or contribution provisions may apply, any person entitle or potentially entitled to indemnification or contribution hereunder (an 'indemnified party') shall give prompt written notice to the [PHLX]; provided however, that the [PHLX] may, but shall not have any obligation to, assume the defense of any such claim and, except as set forth in the following sentence in the event that it assumes such defense it shall be relieved of any further obligation to pay the cost of counsel to any indemnified party in respect of such claim.
> Notwithstanding the foregoing, the [PHLX] shall not be entitled to assume the defense of any such claim if the indemnified party shall have been advised in writing by counsel that there may exist a conflict of interest in having counsel selected by the [PHLX] assume such defense or if there shall exist separate and distinct defenses to the alleged causes of action unavailable or distinct from those of the [PHLX].  If the [PHLX] assumes the defense of such claim, the indemnified party may participate in the proceedings at its own expense; if it does not elect to assume the defense of such claim, then the [PHLX] may participate in the proceedings at its own expense.

See Exhibit A at 5-6.

25.     After KBW had already instructed ELLK to begin work on its motion to dismiss, PHLX sought to assume the defense of KBW in the Second McGowan Action. A true and correct copy of a letter from the PHLX to KBW to this effect, dated July 10, 2007, is annexed hereto as Exhibit C.

26.     By letter, dated July 10, 2007, ELLK informed KBW that because of the First McGowan Action was pending, "a conflict of interest exists in having counsel selected by the PHLX assume the defense" of KBW in the Second McGowan Action. Further, ELLK stated: "the potential conflict and existence of distinct defenses would continue until all avenues of appeal are exhausted or the time to appeal has run, that is, 30 days after entry of the order appealed from." A true and correct copy of this letter is annexed hereto as Exhibit D. Further, should the Second McGowan Action not be dismissed in its entirety, KBW may assert cross-claims against the PHLX in the context of that action, creating yet another conflict of interest.

27.     Accordingly, pursuant to the terms of the KBW Engagement Agreement, KBW declined the PHLX's demand to assume its and/or Spalluto's defense in the Second McGowan Action. At about the same time, because KBW and Spalluto had not yet been served in the Second McGowan Action, KBW directed ELLK to stop work in connection with the Second McGowan Action, and ELLK complied with KBW's direction.

28.     On October 16, 2007, the McGowan Plaintiffs served KBW with the complaint in the Second McGowan Action. Shortly after being served, KBW directed ELLK to resume work on its motion to dismiss the complaint, and ELLK complied with KBW's direction.

29.    Additionally, KBW sent written notice to the PHLX "to reiterate [KBW's] intention to seek indemnification from the PHLX in connection with" the Second McGowan Action. PHLX responded, and, after a volley of letters between PHLX and KBW, stated that "further back and forth on the merits of this issue [of indemnification and reimbursement] is clearly futile, and we are at an impasse. As [PHLX has] mentioned, KBW and Mr. Spalluto are entitled to proceed with counsel of their choice with respect to the defense of the above-captioned matter; however, in light of PHLX's offer to assume the defense, KBW and Mr. Spalluto forego their right to indemnification by doing so." True and correct copies of these letters between KBW and PHLX, which are all dated between October 30, 2007 and November 26, 2007, are annexed collectively hereto as Exhibit E.

30.    Notwithstanding PHLX's failure to comply with its obligation to indemnify and reimburse KBW in connection with the Second McGowan Action, KBW directed ELLK to continue work on its defense, and to continue work on its motion to dismiss the complaint.

31.    KBW's motion to dismiss the complaint in the Second McGowan Action was fully submitted on January 30, 2008. The parties have requested oral argument on the motion to dismiss, and a pre-trial scheduling conference is set to go forward on February 7, 2008.

32.    To date, ELLK has billed KBW $220,478.55 for legal services and $10,810.73 for expenses in connection with the Second McGowan Action. Invoices evidencing these amounts are annexed collectively hereto as Exhibit F.

33.    As of February 1, 2008, KBW had paid ELLK for the majority of the legal services and expenses incurred in connection with the Second McGowan Action, and had an outstanding balance of $47,158.84.

34.    The Second McGowan Action is ongoing.  Therefore, KBW continues to incur legal fees and expenses in connection therewith.

**In Anticipation Of This Action The PHLX Attempted
To File A Claim For Declaratory Relief For The Sole Purpose
Of Forum Shopping; However, PHLX Sued The Wrong Party**

35.    On November 13, 2007, PHLX filed a Preacipe To Issue Writ Of Summons Civil Action in the Philadelphia County Court Of Common Pleas, Trial Division.  Pursuant thereto, that court issued a Writ Of Summons, Trial Division docket number 001293 (the "Writ").  Shortly after filing the Writ, PHLX sent KBW a courtesy copy thereof.  PHLX did not serve the Writ until January 30, 2008 – 78 days after the Writ had been filed.  PHLX has not filed or served a complaint in connection with the Writ, and no other activity in connection with the Writ has taken place in the Philadelphia County Court Of Common Pleas.  True and correct copies of courtesy and service copies of the Writ as annexed collectively hereto as Exhibit G.

36.    Pursuant to the Writ, PHLX has commenced an action for a declaratory judgment against KBW, Inc. (and has effected service on KBW, Inc.) – not Keefe, Bruyette & Woods, Inc., the plaintiff in this action, which is defined as and referred to throughout this complaint as "KBW."  KBW, Inc. is a Delaware corporation and is the parent company to plaintiff.  KBW, Inc. is not a party to this action, is not a party to the KBW Engagement Agreement, and is not involved, in any way, in the First McGowan Action or the Second McGowan Action.

37.    Notwithstanding that KBW, Inc. is not a party to the KBW Engagement Agreement and is not involved, in any way, in the First McGowan Action or the Second McGowan Action, via the Writ PHLX apparently seeks an order stating that PHLX need not indemnify or reimburse KBW, Inc. in connection with the First McGowan Action or the Second McGowan Action.

38.    PHLX has brought no action, in any forum, against plaintiff (i.e., Keefe, Bruyette & Woods, Inc., which is defined as and referred to throughout this complaint as "KBW"). Accordingly, this action is the first-filed action between the parties concerning the dispute between KBW and PHLX concerning the KBW Engagement Agreement.

39.    However, even if PHLX had commenced an action against the proper party – which it did not – because the Writ commenced a declaratory action in anticipation of this action for no purpose other than forum shopping, and because the balance of conveniences favors this forum, this action would be allowed to continue in spite of the Writ. Moreover, KBW, and not PHLX, has been damaged as a result of PHLX's refusal to comply with its ongoing obligation to indemnify and reimburse KBW pursuant to the KBW Engagement Agreement. Therefore, KBW is the real plaintiff and is entitled to its choice of forum.

## COUNT I
### (Breach And/Or Anticipatory Breach Of Contract)

40.    KBW realleges paragraphs 1 through 39 as if fully set forth herein.

41.    The KBW Engagement Agreement is a binding contract between KBW and PHLX.

42.    KBW complied with all of its obligations pursuant to the KBW Engagement Agreement.

43.    In connection with the First McGowan Action, PHLX has refused and continues to refuse to comply with its ongoing obligation to indemnify and reimburse KBW pursuant to the KBW Engagement Agreement.

44.    By reason of the foregoing, KBW is entitled to a judgment against the PHLX for money damages in an amount to be proven at trial, but no less than $9,820.17.

## COUNT II
### (Breach And/Or Anticipatory Breach Of Contract)

45.    KBW realleges paragraphs 1 through 44 as if fully set forth herein.

46.    The KBW Engagement Agreement is a binding contract between KBW and PHLX.

47.    KBW complied with all of its obligations pursuant to the KBW Engagement Agreement.

48.    In connection with the Second McGowan Action, PHLX has refused and continues to refuse to comply with its ongoing obligation to indemnify and reimburse KBW pursuant to the KBW Engagement Agreement.

49.    By reason of the foregoing, KBW is entitled to a judgment against the PHLX for money damages in an amount to be proven at trial, but no less than $231,289.28.

## COUNT III
### (Declaratory Judgment)

50.    KBW realleges paragraphs 1 through 49 as if fully set forth herein.

51.    The KBW Engagement Agreement is a binding contract between KBW and PHLX.

52.    KBW complied with all of its obligations pursuant to the KBW Engagement Agreement.

53.    In connection with the First McGowan Action, PHLX has refused and continues to refuse to comply with its ongoing obligation to indemnify and reimburse KBW pursuant to the KBW Engagement Agreement.

54.    By reason of the foregoing, KBW is entitled to a declaration that, pursuant to the KBW Engagement Agreement, the PHLX must comply with its ongoing obligation to indemnify and reimburse KBW in connection with the First McGowan Action.

## COUNT IV
### (Declaratory Judgment)

55.    KBW realleges paragraphs 1 through 54 as if fully set forth herein.

56.    The KBW Engagement Agreement is a binding contract between KBW and PHLX.

57.    KBW complied with all of its obligations pursuant to the KBW Engagement Agreement.

58.    In connection with the Second McGowan Action, PHLX has refused and continues to refuse to comply with its obligation to indemnify and reimburse KBW pursuant to the KBW Engagement Agreement.

59.    By reason of the foregoing, KBW is entitled to a declaration that, pursuant to the KBW Engagement Agreement, the PHLX must comply with its ongoing obligation to indemnify and reimburse KBW in connection with the Second McGowan Action.

**WHEREFORE**, KBW demands judgment against PHLX as follows:

a.    On Count I, damages in an amount to be proven at trial, but believed to be not less than $9,820.17;

b. On Count II, damages in an amount to be proven at trial, but believed to be not less than $231,289.28;

c. On Count III, an order declaring that, pursuant to the KBW Engagement Agreement, the PHLX must comply with its ongoing obligation to indemnify and reimburse KBW in connection with the First McGowan Action;

d. On Count IV, an order declaring that, pursuant to the KBW Engagement Agreement, the PHLX must comply with its ongoing obligation to indemnify and reimburse KBW in connection with the Second McGowan Action;

e. The costs of this action to the extent permitted by law, including attorneys' fees; and

f. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 5, 2008

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.

By:_____
Eric R. Levine (EL 7677)
Jonathan C. Marquet (JM 0317)
805 Third Avenue, 10th Floor
New York, New York 10022
212-752-1000
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

A jury trial is hereby requested on all claims asserted herein as allowed by law.

# EXHIBIT A

# KEEFE, BRUYETTE & WOODS, INC.

### SPECIALISTS IN BANKING AND FINANCIAL SERVICES

787 SEVENTH AVENUE    4TH FLOOR    NEW YORK, N.Y. 10019

TOLL FREE
1-800-966-1559

MAIN TELEPHONE
212-887-7777

February 6, 2003

Meyer S. Frucher
Chairman and Chief Executive Officer
The Philadelphia Stock Exchange
1900 Market Street
Philadelphia, PA 19020

Dear Mr. Frucher:

This letter confirms the engagement of Keefe, Bruyette & Woods, Inc. ("KBW") by The Philadelphia Stock Exchange, Inc. ("PHLX" or the "Company") on an exclusive basis to render general and specific financial advisory and investment banking services to the Company in connection with, but not limited to, the each of the following Strategic Events (collectively, "Strategic Events") :

(1)     The Company's planned demutualization ("Demutualization");

(2)     Possible strategic initiatives by the Company (or one or more of its subsidiaries, or any subsequently incorporated Holding Company, whereby the Company becomes a wholly owned subsidiary of such Holding Company), including corporate affiliations ("Affiliation") with one or more third parties;

(3)     Possible sale of a minority equity or equity-linked interest in the Company and/or a subsidiary or affiliate, and/or the issuance of debt securities by the Company (collectively, "Private Placement");

(4)     Possible commercialization (the "Commercialization") of the Company's wholly owned Financial Automation Group ("FA") business division through a Joint Venture or other strategic alliance (collectively, the "JV") with a third party investor (the "JV Partner"), that involves (i) a sale or transfer of some percentage of the Company's equity interest in FA, (ii) a sale of some or all the assets of FA, or (iii) an irrevocable transfer of some portion of the Company's interest in FA's technology and intellectual property assets.

For the services described above, the Company agrees to pay KBW a cash fee of $200,000 ("Retainer Fee"), including $100,000 payable at the time of signing of this letter engagement; $50,000 payable on or before June 30, 2003, and; $50,000 payable on or before December 31, 2003. Any Retainer Fee, or portion thereof, paid by the Company to KBW under the terms of this agreement will be credited against the Demutualization Opinion Fee as defined below.

KEEFE, BRUYETTE & WOODS, INC.

Additionally, if so requested by the Company, KBW will render an opinion and/or related analyses to the Board or Special Committee so formed by the Board ("Special Committee") to evaluate the fairness, from a financial point of view, to the seat owners and/or members of the Company, of the consideration offered in a certain proposed Demutualization ("Demutualization Opinion"). The Demutualization Opinion may be in such form as KBW shall determine and KBW may qualify this opinion in such manner as KBW believes reasonably appropriate, including by stating therein that KBW has relied upon the information furnished to it by the Company, has assumed the accuracy and completeness of such information and has not attempted independently to verify any of such information.

For the services described above in relation to the Demutualization Opinion, the Company agrees to compensate KBW a cash fee of $450,000 ("Demutualization Opinion Fee") upon the presentation by KBW of the Demutualization Opinion and or other valuation analyses to the Board or Special Committee.

In the event management elects to pursue an Affiliation of the Company, with another corporation or other business entity (a "Merger Partner") in the form of a merger of the Company with, or a transfer of all or a substantial portion of its assets or its member interests to, a Merger Partner (a "Merger "), KBW, as the Company's exclusive financial advisor, will advise and assist the Company in considering the desirability of the Merger, and in arriving at definitive financial terms thereof. In connection with the foregoing, KBW will familiarize itself to the extent appropriate and feasible with the business, operations, financial condition and prospects of the Company and the Merger Partner and will advise and assist the Company in developing a general strategy for accomplishing the Merger, including the structure of the Merger and the possible price or price range that might reasonably be obtained by the Company and/or its seat owners and/or members in the Merger. In addition, KBW will develop a list of potential Merger Partners in accordance with selection criteria to be developed by the Company with the advice of KBW. KBW will then attempt to approach those Merger Partners that are approved by the Company to determine their receptiveness to a Merger. Based on an expression of interest in further discussions by a Merger Partner, KBW will develop and assess various alternatives for consummating a Merger and will assist the Company in negotiations leading to the completion of a Merger.

Additionally, if so requested by the Company, KBW will render an opinion (the "Merger Opinion") to the Board of Governors as to the fairness, from a financial point of view, to seat owners and/or members of the Company, of the consideration offered in the Merger. The Merger Opinion may be in such form as KBW shall determine and KBW may qualify the Merger Opinion in such manner as KBW believes reasonably appropriate, including by stating therein that KBW has relied upon the information furnished to it by the Company, has assumed the accuracy and completeness of such information and has not attempted independently to verify any of such information.

For the services described above in relation to a Merger consummated with any Merger Partner, the Company agrees to compensate KBW a cash fee in the amount of two percent (2.0%) of the aggregate Merger value, to a maximum of two million dollars ($2,000,000), payable promptly to KBW at the time of closing of said Merger ("Merger Success Fee").

In the event management elects to pursue a Private Placement, KBW, as the Company's exclusive financial advisor, will advise and assist the Company in considering the desirability of the Private Placement, and in arriving at definitive financial terms thereof. In connection with the foregoing, KBW will familiarize itself to the extent appropriate and feasible with the business, operations, financial condition and prospects of the Company, In addition, KBW will develop a list of potential Private Placement Investors ("Investors") in accordance with selection criteria to be developed by the Company with the advice of KBW. KBW will then attempt to approach said Investors, after receiving approval by the Company, to determine their receptiveness to a Private Placement. Based on an expression of interest

KEEFE, BRUYETTE & WOODS, INC.

and subsequent discussions and negotiations with Investors, KBW will assist the Company in negotiations leading to the completion of a Private Placement.

For the services described above in relation to a Private Placement, the Company agrees to compensate KBW a cash fee ("Private Placement Success Fee") at the time of the closing of the Private Placement. The total amount of said cash fee will not exceed two million dollars ($2,000,000), with the exact amount of said cash fee dependent upon the aggregate capital raised by KBW through the Private Placement. The schedule contained herein ("Private Placement Fee Schedule") will be used to determine the cash fee payable at closing to KBW:

Private Placement Fee Schedule

> Minimum cash fee of $500,000; or,
> 5.0% of aggregate capital raised for the first $20,000,000; plus,
> 4.0% of aggregate capital raised from $20,000,001 - $30,000,000; plus,
> 3.0% of aggregate capital raised from $30,000,001 - $40,000,000.

In the event management elects to pursue a Commercialization, KBW, as the Company's exclusive financial advisor, will advise and assist the Company in considering the desirability of the Commercialization, and in arriving at definitive financial terms therefor. In connection with the foregoing, KBW will familiarize itself to the extent appropriate and feasible with the business, operations, financial condition and prospects of the Company, of FA Group and the JV Partner to the extent JV Partner furnishes information necessary for KBW to reasonably fulfill such responsibilities. KBW will also advise and assist the Company in developing a general strategy for accomplishing the Commercialization, including the structure of the Commercialization and the possible pro-forma percentage ownership of the JV that might reasonably be obtained by the Company after giving effect to the formation of a new business entity ("Newco") and the consummation of said Commercialization. In addition, KBW will develop a list of potential JV Partners in accordance with selection criteria to be developed by the Company with the advice of KBW. KBW will then attempt to approach said JV Partners, after receiving approval by the Company, to determine their receptiveness to a joint venture and Commercialization. Based on an expression of interest and subsequent discussions and negotiations with a JV Partner, KBW will develop and assess various alternatives for consummating a Commercialization and will assist the Company in negotiations leading to the completion of a Commercialization.

For the services described above in relation to a Commercialization, the Company agrees to compensate KBW a cash fee ("Commercialization Success Fee") at the time of the closing of the Commercialization. The total amount of said cash fee will not exceed two million dollars ($2,000,000), with the exact amount of said cash fee dependent upon the aggregate capital raised by KBW. The schedule contained herein ("Commercialization Fee Schedule") will be used to determine the cash fee payable at closing to KBW:

Commercialization Fee Schedule

> Minimum cash fee of $500,000; or,
> 5.0% of aggregate capital raised for the first $20,000,000; plus,
> 4.0% of aggregate capital raised from $20,000,001 - $30,000,000; plus,
> 3.0% of aggregate capital raised from $30,000,001 - $40,000,000.

KEEFE, BRUYETTE & WOODS, INC.

In addition to any fees payable to KBW pursuant to the foregoing Strategic Events, and regardless of whether any Strategic Event is proposed or consummated, the Company agrees, from time to time upon request, to reimburse KBW for all reasonable out-of-pocket expenses and disbursements, including fees and reasonable expenses of counsel, incurred in connection with this retention up to but not to exceed fifty thousand dollars ($50,000) per annum.

The Company agrees to furnish KBW with such information as KBW believes appropriate to its assignment (all such information so furnished being the "Information"). The Company recognizes and confirms that KBW (i) will use and rely primarily on the Information and on information available from generally recognized public sources in performing the services contemplated by this letter agreement without having independently verified the same and (ii) does not assume responsibility for the accuracy or completeness of the Information and such other information.

KBW acknowledges that a portion of the Information may contain confidential and proprietary business information concerning the Company and/or prospective Affiliation, Private Placement Investors or JV partners, and/or other third parties mutually deemed by the Company and KBW to be associated with one or more Strategic Event. KBW agrees to maintain the confidentiality of such Information; provided, that such Information may be disclosed to KBW's employees, agents and representatives who need to know such Information for the purpose of assisting KBW in rendering the services contemplated hereunder (it being understood that such persons shall be informed of the confidential nature of the Information and shall be directed to treat such Information confidentially). The confidentiality agreement hereunder shall not apply to Information which: (i) becomes generally available to the public other than as a result of a disclosure by KBW or its representatives; (ii) was available on a non-confidential basis prior to its disclosure to KBW; or (iii) becomes available to KBW on a non-confidential basis from a source other than the Company or its representatives provided that such source is not bound by a confidentiality agreement with the Company or its representatives.

The Company acknowledges that all opinions and advice (written or oral) given by KBW to the Company in connection with KBW's engagement are intended solely for the benefit and use of the senior management, the Board of Governors or Special Committee for the purposes of their evaluation of the proposed Strategic Event. Unless otherwise expressly stated by KBW, no one other than such persons is authorized to rely upon this engagement of KBW or any statements or conduct by KBW. The Company agrees that no such opinion or advice shall be used, reproduced, disseminated, quoted or referred to at any time, in any manner, or for any purpose, nor shall any public references to KBW be made by the Company or any of its representatives without the prior written consent of KBW.

The Company acknowledges and agrees that KBW has been retained to act solely as financial advisor to the Company. In such capacity, KBW shall act as an independent contractor, and any duties arising out of its engagement shall be owed solely to the Company.

The Company acknowledges that KBW may, from time to time, retain a third-party independent consultant or consultants to assist it in the fulfillment of various responsibilities in accordance with this letter engagement. KBW agrees to receive the express approval of the Company prior to retaining any third-party consultant or consultants.

In connection with KBW's engagement (which engagement may have commenced prior to the date hereof) hereunder, the Company agrees to indemnify and hold harmless KBW and its affiliates, the respective directors, officers, agents and employees of KBW and its affiliates and each other person, if any, controlling KBW or any of its affiliates and each of their respective successors and assigns, to the fullest extent permitted by law, from and against any losses, claims, damages or liabilities (or actions, including shareholder actions, in respect thereof) related to or arising out of such engagement or KBW's

KEEFE, BRUYETTE & WOODS, INC.

role in connection therewith, and will reimburse KBW and any other party entitled to be indemnified hereunder for all expenses (including counsel fees) as they are incurred by KBW or any such other indemnified party in connection with investigating, preparing or defending any such action or claim whether or not in connection with pending or threatened litigation in which KBW is a party. The Company will not, however, be responsible for any claims, liabilities, losses, damages or expenses that are finally judicially determined to have resulted primarily from KBW's bad faith or gross negligence.

If the indemnification provided for in the foregoing paragraph is judicially determined to be unavailable (other than in accordance with the terms hereof) to any person otherwise entitled to indemnity in respect of any losses, claims, damages or liabilities referred to herein, then, in lieu of indemnifying such person hereunder, the Company shall contribute to the amount paid or payable by such person as a result of such losses, claims, damages or liabilities (and expenses relating thereto) (i) in such proportion as is appropriate to reflect the relative benefits to the Company, on the one hand, and KBW, on the other hand, of the engagement provided for in this Agreement or (ii) if the allocation provided for in clause (i) above is not available, in such proportion as is appropriate to reflect not only the relative benefits referred to in such clause (i) but also the relative fault of each of the Company and KBW, as well as any other relevant equitable considerations; provided, however, in no event shall KBW's aggregate contribution to the amount paid or payable exceed the aggregate amount of fees actually received by KBW under this Agreement. For the purposes of this Agreement, the relative benefits to the Company and to KBW of the engagement under this Agreement shall be deemed to be in the same proportion as (a) the total value paid or contemplated to be paid or received or contemplated to be received by the Company or the Company's stockholders, as the case may be, in the Affiliation, Transaction or Commercialization that are the subject of the engagement hereunder, whether or not any such Affiliation, Transaction or Commercialization is consummated, bears to (b) the fees paid or to be paid to KBW under this Agreement.

The Company also agrees that neither KBW, nor any of its affiliates nor any officer, director, employee or agent of KBW or any of its affiliates, nor any person controlling KBW or any of its affiliates, shall have any liability to the Company for or in connection with such engagement except for any such liability for losses, claims, damages, liabilities or expenses incurred by the Company which are finally judicially determined to have resulted primarily from KBW's bad faith or gross negligence. The foregoing agreement shall be in addition to any rights that KBW, the Company or any indemnified party may have at common law or otherwise, including, but not limited to, any right to contribution. KBW agrees that it will not settle, compromise or consent to the entry of any judgment with respect to any pending or threatened claim, action, suit or proceeding in respect of which indemnification or contribution may be sought hereunder, where the Company is a party to such claim, action, suit or proceeding, without the prior written consent of the Company, which consent will not be unreasonably withheld.

The Company agrees that it will not, without the prior written consent of KBW, settle or compromise or consent to the entry of any judgment with respect to any pending or threatened claim, action, suit or proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not KBW is an actual or potential party to such claim, action, suit, or proceeding) unless such settlement, compromise or consent includes an unconditional release of KBW from all liability arising out of such claim, action, suit or proceeding.

Upon notice of any actual or threatened claim as to which the foregoing indemnification or contribution provisions may apply, any person entitled or potentially entitled to indemnification or contribution hereunder (an "indemnified party") shall give prompt written notice to the Company; provided, however, that the Company may, but shall not be under any obligation to, assume the defense of any such claim and, except as set forth in the following sentence in the event that it assumes such defense it shall be relieved of any further obligation to pay the cost of counsel to any indemnified party in respect of such claim. Notwithstanding the foregoing, the Company shall not be entitled to assume the

KEEFE, BRUYETTE & WOODS, INC.

defense of any such claim if the indemnified party shall have been advised in writing by counsel that there may exist a conflict of interest in having counsel selected by the Company assume such defense or if there shall exist separate and distinct defenses to the alleged causes of action unavailable or distinct from those of the Company. If the Company assumes the defense of such claim, the indemnified party may participate in the proceedings at its own expense; if it does not elect to assume the defense of such claim, then the Company may participate in the proceedings at its own expense.

It is understood that KBW's engagement referred to above may be embodied in one or more separate written agreements that refer specifically to this engagement letter and that, in connection with such engagement, KBW may also be requested to provide additional services or to act for the Company in one or more additional capacities. The indemnification provided hereunder shall apply to said engagement, any such additional services or activities and any modification, and shall remain in full force and effect following the completion or termination of KBW's engagement.

This letter agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed in that state, without regard to such state's rules concerning conflicts of laws. Any right to trial by jury with respect to any claim or action arising out of this agreement or conduct in connection with the engagement is hereby waived by the parties hereto.

KBW and the Company agree that this engagement shall not extend to any financial advisory or investment banking services provided by KBW beyond that described in this engagement letter. In the event that the Company determines to retain KBW in connection with any additional services ("Additional Services"), and KBW agrees to provide such Additional Services, the nature of such Additional Services together with compensation arrangements between the Company and KBW shall be negotiated pursuant to a separate engagement proposal prior to the time such Additional Services are rendered.

KBW's engagement hereunder may be terminated by either the Company or KBW at any time after December 31, 2003 with or without cause, upon written advice to that effect to the other party; provided, however, that KBW will be entitled to any and all Merger Success Fees, Private Placement Success Fees, and/or Commercialization Success Fees, in the event that at any time prior to the expiration of eighteen (18) months after the termination of KBW's engagement a Strategic Event is consummated between the Company and a party identified in writing by KBW in Appendix A - Prospective Strategic Event Partners Identified by KBW, to be delivered to the Company within thirty (30) business days after the termination of this letter engagement; and provided further, that the expenses and indemnity and contribution provisions hereof shall survive such termination.

Both KBW and the Company agree that the signing of this letter agreement will render null and void any and all previous letter engagement/s between KBW and the Company, except to the extent of any outstanding fees owed to KBW by the Company and except to the extent of any provisions which KBW and the Company have agreed in writing will survive such previous letter engagements.

KEEFE, BRUYETTE & WOODS, INC.

Please confirm that the foregoing is in accordance with your understanding and agreement with KBW by signing and returning to KBW the duplicate of this letter enclosed herewith.

Sincerely,

Keefe, Bruyette & Woods, Inc.

By: _____
Name: Joseph J. Spalluto, Esq.
Title:   Managing Director
Investment Banking Group

The undersigned hereby agrees to the above terms as of this 6th day of February 2003.

The Philadelphia Stock Exchange, Inc.

By: _____
Name:  Meyer S. Frugher
Title:   Chairman and Chief Executive Officer

-7-

# EXHIBIT B

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

March 1, 2007

By Facsimile and Mail
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

    Enclosed are bills for services rendered for the
period ending February 28, 2007 on the following
matters:

        McGowan Litigation                    $8,862.75

                            **REDACTED**

        TOTAL AMOUNT DUE

    If you have any questions, please feel free to contact
me at your convenience.

                            Very truly yours,

                            Eric R. Levine

Enclosures

# EISEMAN LEVINE
## LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

———

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

March 01, 2007

McGowan Litigation

Professional services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/1/2007 | SW | Review motion to add KBW and pending motions to dismiss; o/cs with E. Levine re same | 5.75 490.00/hr | 2,817.50 |
|  | ERL | Review pleadings and complaint; various office and telephone conversations re: same, status and strategy | 3.00 510.00/hr | 1,530.00 |
| 2/2/2007 | SW | Review amended complaint and o/c with/ E. Levine re same | 1.75 490.00/hr | 857.50 |
|  | ERL | Reviewed complaint and motions to dismiss; various office and telephone conversations with client re: status and strategy | 3.50 510.00/hr | 1,785.00 |

FEDERAL TAX IDENTIFICATION NUMBER 13-3747246

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                      Page   2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/2/2007 | JM | reviewing amended complaint; telephone conference with Lisa Bentley; email Lisa Bentley | 0.70<br>350.00/hr | 245.00 |
| 2/5/2007 | ERL | Reviewed various pleadings and briefs | 2.00<br>510.00/hr | 1,020.00 |
| 2/7/2007 | JM | reviewing exhibits to amended complaint | 0.60<br>350.00/hr | 210.00 |
| 2/16/2007 | ERL | Various telephone conversations re: status and strategy | 0.30<br>510.00/hr | 153.00 |
|  | JM | office conference with Eric Levine | 0.30<br>350.00/hr | 105.00 |

For professional services rendered          17.90      $8,723.00
Additional charges:

|  |  | Qty |  |
|---|---|---|---|
| Messenger |  | 1 | 10.95 |
| Photocopy |  | 1288 | 128.80 |

Total costs                                              $139.75

Total amount of this bill                              $8,862.75

Balance due                                            $8,862.75

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS
A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

April 4, 2007

By Facsimile and Mail
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

    Enclosed are bills for services rendered for the
period ending March 31, 2007 on the following matters:


          McGowan Litigation              $ 957.42

                                     **REDACTED**

          TOTAL AMOUNT DUE

    If you have any questions, please feel free to contact
me at your convenience.

                              Very truly yours,

                              Eric R. Levine

Enclosures

# EISEMAN LEVINE
## LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
—

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

April 04, 2007

McGowan Litigation

Additional charges:

|  | Qty | Amount |
|---|---|---|
| Photocopy | 42 | 4.20 |
| Postage | 1 | 0.87 |
| WestLaw | 2 | 952.35 |
| | | |
| Total costs | | $957.42 |
| Previous balance | | $8,862.75 |
| 4/3/2007 Payment - thank you. Check No. 077520 | | ($8,862.75) |
| Total payments and adjustments | | ($8,862.75) |
| Balance due | | $957.42 |

# EXHIBIT C



July 10, 2007

Mr. Mitchell Kleinman
General Counsel
Keefe, Bruyette & Woods, Inc.
The Equitable Building
787 Seventh Avenue, 4th Floor
New York, NY 10019

Dear Mitch:

I just returned from vacation and wanted to confirm Scott Donnini's telephone conversation with you last Friday, July 6, 2007. Pursuant to our letter agreement with Keefe, Bruyette & Woods, Inc. ("KBW") dated February 6, 2003, the Philadelphia Stock Exchange has elected to assume the defense of KBW and Joseph Spalluto in the action recently filed in the Eastern District of Pennsylvania captioned McGowan Investors LP et al v. KBW, et al., docket number 2:07-cv-02464-AB.

We have asked Michael Coran at Klehr, Harrison, Harvey, Branzburg & Ellers to serve as defense counsel for KBW and Mr. Spalluto in this action, and we would be happy to introduce you to Mr. Coran at your earliest convenience.

Please let us know when KBW and Mr. Spalluto are formally served with the complaint, and do not hesitate to call Scott (215-496-5358) or me (215-496-5406) if you have any questions or if we can provide any further assistance.

Yours truly,

C. Robert Paul
Executive Vice President
 and General Counsel

# EXHIBIT D

# EISEMAN LEVINE
# LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

**elevine@eisemanlevine.com**

July 10, 2007

BY EMAIL

Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
The Equitable Building
787 Seventh Avenue - 4th Floor
New York, New York 10019

> Re:  McGowan Investors LP *et al.* v. Keefe Bruyette & Woods and Joseph J. Spalutto.
> <u>(Eastern District of Pennsylvania 2:07-cv-02464-AB)</u>

Dear Mitch:

We have been informed that pursuant to the indemnification provisions of its letter agreement with Keefe Bruyette & Woods ("KBW") dated February 6, 2003 (the "Letter Agreement"), the Philadelphia Stock Exchange (the "PHLX") is assuming the defense of the recently filed action captioned above (the "KBW action"). However, because the action filed by the McGowan plaintiffs against the PHLX, the PHLX's directors and other defendants (the "PHLX Action," docket no.2:06-cv-02558-AB) has not yet been finally resolved, a conflict of interest exists in having counsel selected by the PHLX assume the defense of the KBW Action.

In particular, we note that after the district court granted defendants' motion to dismiss the amended complaint with prejudice in the PHLX Action, the McGowan plaintiffs moved for reconsideration of the dismissal with prejudice and for leave to file a second amended complaint (the "2d Amended Complaint"). Among other things, the 2nd Amended Complaint adds KBW as a defendant and asserts a securities law claim against it. Were the McGowan plaintiffs granted leave to amend, KBW would have available to it defenses distinct from those of the PHLX.

In the event the motion for reconsideration is denied, the potential conflict and existence of distinct defenses would continue until all avenues of appeal are exhausted or the time to appeal has run, that is, 30 days after entry of the order appealed from.

Very truly yours,

Eric R. Levine

# EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS
## A PROFESSIONAL CORPORATION
### 805 THIRD AVENUE
### NEW YORK, NEW YORK 10022
### TELEPHONE (212) 752-1000
### FACSIMILE (212) 355-4608

This facsimile is intended only for the use of the addressee(s) named herein and may contain legally privileged and confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the facsimile to us. Thank you.

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **To:** Mitchell Kleinman, Esq. | **From:** Eric R. Levine |
| **Of:** Keefe Bruyette & Woods | **Date:** July 10, 2007 |
| **Tel.** | **Re:** **McGowan Investors LP et al. v. KBW and Joseph J. Spalutto** |
| **Fax:** 212-541-6668 | |
| **Client Code:** | **Total Pages:** 2 (including cover sheet) |

**Message:**

************* –COMM. JOURNAL– ************** DATE JUL-10-2007 ***** TIME 17:49 ********

MODE = MEMORY TRANSMISSION          START=JUL-10 17:49     END=JUL-10 17:49

     FILE NO.=364

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES    DURATION

  001      OK      ☎          91212541666B-4404#      002/002   00:00:25


                                              -EISEMAN LEVINE          -

*********************************** –          – ***** –          212 355 4608- *********

# EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS
### A PROFESSIONAL CORPORATION
### 805 THIRD AVENUE
### NEW YORK, NEW YORK 10022
### TELEPHONE (212) 752-1000
### FACSIMILE (212) 355-4608

This facsimile is intended only for the use of the addressee(s) named herein and may contain legally privileged and confidential information. If you are not the intended recipient of this facsimile, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the facsimile to us. Thank you.

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **To:** Mitchell Kleinman, Esq. | **From:** Eric R. Levine |
| **Of:** Keefe Bruyette & Woods | **Date:** July 10, 2007 |
| **Tel.** | **Re:** McGowan Investors LP et al. v. KBW and Joseph J. Spalutto |
| **Fax:** 212-541-6668 | |
| **Client Code:** | **Total Pages:** 2 (including cover sheet) |

**Message:**

# EXHIBIT E



**KEEFE, BRUYETTE & WOODS**

**Mitchell Kleinman**

Executive Vice President
General Counsel

212.887.6788
800.966.1559
Fax 212.397.9347
mkleinman@kbw.com

October 30, 2007

<u>**VIA FEDERAL EXPRESS**</u>
Meyer S. Frucher
Chairman and Chief Executive Officer
Philadelphia Stock Exchange, Inc.
1900 Market Street
Philadelphia, PA 19020

Re:    McGowan Investors LP, et al. v. Keefe Bruyette & Woods, Inc. and Joseph Spalluto
       <u>Untied States District Court, Eastern District of Pennsylvania, Civ. No. 07-CV-2464</u>

Dear Mr. Frucher:

Keefe, Bruyette & Woods ("KBW") and Joseph Spalluto ("Spalluto") received copies of the summons and complaint in the above-referenced action (the "Complaint," a copy of which is enclosed with this letter) on October 16, 2007. KBW has retained the law firm of Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. to represent it and Spalluto in connection with the Complaint.

I have previously discussed this matter and our rights relating to indemnification under our engagement letters with the Philadelphia Stock Exchange, Inc. ("PHLX"). I am writing this notice to reiterate our intention to seek indemnification from the PHLX in connection with the Complaint, pursuant to the terms of the June 10, 2005 engagement letter between KBW and PHLX (the "Engagement Letter,"). The Complaint concerns issues relating to PHLX's hiring of KBW to render financial advisory and investment banking services as described in the Engagement Letter. As such, pursuant to the terms of the Engagement Letter, PHLX is obligated to:

> indemnify and hold harmless KBW and its affiliates, the respective
> directors, officers, agents and employees of KBW...to the fullest
> extent permitted by law, from and against any losses, claims,
> damages or liabilities (or actions, including shareholder actions, in
> respect thereof) related to or arising out of such engagement or
> KBW's role in connection therewith, and will reimburse KBW and
> any other party entitled to be indemnified hereunder for all

reasonable expenses (including counsel fees) as they are incurred
by KBW or any such other indemnified party...

Accordingly, KBW will periodically submit its legal bills in connection with this matter
to the PHLX for payment, and will submit any judgment, settlement or otherwise that results
from this matter to the PHLX for satisfaction.

Very truly yours,

Mitch Kleinman

Enc.
cc:    Robert Paul, Esq.
       Eric R. Levine, Esq.



November 2, 2007

<u>By Email PDF and First Class Mail</u>

Mitch Kleinman Esquire
Keefe Bruyette & Woods
787 Seventh Avenue -- 4th Floor
New York, NY 10019

Re:    McGowan Investors, et al. v. Keefe Bruyette & Woods, Inc., et al., U.S.
       <u>District Court, E.D. Pa., 07-CV-2464 (the "Action")</u>

Dear Mr. Kleinman:

      I write in response to your letter of October 30, 2007 to Meyer S. Frucher, advising that KBW and Mr. Spalluto will be proceeding with the defense of the Action with the counsel it has selected, Eiseman, Levine, Lehrhaupt and Kakoyiannis, P.C. ("Eiseman"), and further advising that KBW and Mr. Spalluto were in fact served with the complaint in the Action two weeks ago.

      As you know, the Philadelphia Stock Exchange, Inc. ("PHLX") has previously informed KBW and Mr. Spalluto that it is exercising its right to assume the defense of the Action. While your letter quotes from the June 10, 2005 engagement letter between KBW and PHLX, you fail to note that the letter permits PHLX to assume the defense of KBW, excepting only (i) "In the event that the parties to any such action include **both** the [PHLX] and one or more of KBW," (emphasis added) and (ii) KBW is also advised that by its counsel of a conflict between the parties. As PHLX is not a defendant in the Action, the exception to PHLX's right to assume the defense does not apply. KBW and Mr. Spalluto retain the prerogative to prosecute their own defense, as you have repeatedly advised is their intent, but at their own expense.

      I am also constrained to note that even were PHLX subject to an indemnification obligation in this situation, KBW and Mr. Spalluto's selection of Eiseman would not be reasonable. This is a Philadelphia based law suit, and not only will Eiseman need to retain local counsel, but in PHLX's recent past experience with Eiseman, we found their bills excessive and unreasonable. Moreover, given the prior experience of PHLX's counsel in successfully prevailing in other shareholder securities and RICO suits brought by these same shareholders and counsel, we fully intended to have our counsel coordinate closely with Klehr Harrison (whom you will recall we identified to represent KBW and Mr. Spalluto). While those efficiencies and

Mitchell Kleinman, Esquire
November 2, 2007
Page 2

superior representation that would have resulted are not be replicable, I hope that your counsel
will promptly contact our counsel, Stephen Kastenberg of Ballard Spahr Andrews & Ingersoll,
LLP, to discuss the defense of this action and the filing of a motion to dismiss.   Notwithstanding
any disagreement we may have with respect to indemnification, we certainly have every desire to
see this litigation against KBW and Mr. Spalluto brought to a successful, early conclusion.

Sincerely,

Scott Donnini
First Vice President and Associate General
Counsel

cc:    Stephen J. Kastenberg, Esquire



KEEFE, BRUYETTE & WOODS

**Mitchell Kleinman**

Executive Vice President
General Counsel

212.887.6788
800.966.1559
Fax 212.397.9347
mkleinman@kbw.com

November 2, 2007

Scott M. Donnini
First Vice President, Associate General Counsel & Corporate Secretary
Philadelphia Stock Exchange, Inc.
1900 Market Street
Philadelphia, PA 19103-3584

Re: McGowan Investors, et al. v Keefe, Bruyette & Woods, Inc. et al.
U.S. District Court, E.D. Pa, 07-CV-2464 (the "Action")

Dear Scott:

I received your letter dated November 2, 2007, regarding the above captioned Action. We do not agree with any of your comments on Eiseman Levine. On the issue of assumption of defense, you are correct that I referred to a June 2005 engagement letter in my letter to you dated October 30, 2007, but the February 2003 engagement letter (provided in your June 2007 email to me as the basis for the assumption of defense) contains substantially different language. The February 2003 letter is neither replaced nor modified by the June letter and clearly provides indemnification rights relating to the Action without reference to the issues you have raised in your last letter. Accordingly, to clarify our position, we are seeking indemnification under the February letter, consistent with your original interpretation as to that being the applicable letter. In addition, I believe the language of the June 2005 letter is subject to a substantially different interpretation as to our rights and disagree with your interpretation and statement of such rights

Finally, we have seen the recent articles relating to the potential sale of the PHLX and wish you success in this matter. I want to remind the PHLX of their obligations with respect to fees owed to KBW in connection with such a transaction under the termination provisions of the November 10, 2006 engagement letter, which was terminated by letter, dated August 1, 2007, from Robert Paul.

Very truly yours,

Mitchell Kleinman
General Counsel

Keefe, Bruyette & Woods • 787 Seventh Avenue • New York, NY 10019



November 26, 2007

<u>By email pdf and First Class Mail</u>

Mitch Kleinman, Esquire
Keefe Bruyette & Woods
787 Seventh Avenue -- 4th Floor
New York, NY 10019

       Re:    <u>McGowan Investors, et al. v. Keefe Bruyette & Woods, Inc., et al.</u>

Dear Mitch:

       I write to follow up with you with respect to the question of indemnification discussed in your letter of November 2, 2007. In light our correspondence to date, further back and forth on the merits of this issue is clearly futile, and we are at an impasse. As I have mentioned, KBW and Mr. Spalluto are entitled to proceed with the counsel of their choice with respect to the defense of the above captioned matter; however, in light of PHLX's offer to assume the defense, KBW and Mr. Spalluto forego their right to indemnification by doing so.

       We are also disappointed that, through your counsel, you are unwilling to cooperate, even so as to maximize KBW and Mr. Spalluto's prospects on a motion to dismiss, which certainly is inconsistent with any right to indemnification. We believe that the complaint should be dismissed as a matter of law at the pleading stage, as have been the two other lawsuits raising similar issues.

       In light of the foregoing, we have initiated an action in the Pennsylvania Court of Common Pleas of Philadelphia County by writ of summons, a courtesy copy of which is attached. Please give me a call if KBW is willing to reconsider the indemnification issue either now or if it were to prevail on a motion to dismiss.

                  Sincerely,

                  Scott M. Donnini
                  First Vice President, Associate General
                  Counsel & Corporate Secretary

cc: Stephen Kastenberg, Esquire

By: Stephen J. Kastenberg                          Attorney for Plaintiffs
kastenberg@ballardspahr.com
Identification No.: 70919
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone No.: 215-864-8122

| | |
|---|---|
| Philadelphia Stock Exchange, Inc.<br>1900 Market Street<br>Philadelphia, PA 19103-3584 | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>: TRIAL DIVISION<br>: |
| Plaintiff,<br>v.<br>KBW, Inc.<br>787 Seventh Avenue<br>New York, NY 10019 | : NOVEMBER TERM, 2007<br>: No. _____ 001293 |
| Defendant. | : |

### PRAECIPE TO ISSUE WRIT OF SUMMONS
### CIVIL ACTION

To the Prothonotary:

      Kindly issue a Writ of Summons--Civil Action to KBW, Inc. in the above-

captioned matter.

                    Stephen J. Kastenberg
                    BALLARD SPAHR ANDREWS &
                      INGERSOLL, LLP
                    1735 Market Street, 51st Floor
                    Philadelphia, PA 19103-7599
                    (215) 665-8500
                    Attorneys for Plaintiff

COURT OF COMMON PLEAS

NOVEMBER TERM 2007    No. _____

001293

PHILADELPHIA STOCK
EXCHANGE, INC.

vs.

KBW, INC.

SUMMONS

C P 27

# Commonwealth of Pennsylvania

## CITY AND COUNTY OF PHILADELPHIA

PHILADELPHIA STOCK
EXCHANGE, INC.

COURT OF COMMON PLEAS
NOVEMBER 2007

_____ Term, 20___ ...

No. _____ 1293

*vs.*

KBW, INC.

To⁽¹⁾

KBW, INC.
787 SEVENTH AVENUE
NEW YORK, NY   10019

You are notified that the Plaintiff⁽²⁾
*Usted esta avisado que el demandante*⁽²⁾

PHILADELPHIA STOCK EXCHANGE, INC.
1900 MARKET STREET
PHILADELPHIA, PA   19103-3584

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

JOSEPH H. EVERS
*Prothonotary*

By _____

ATTEST
NOV 13 2007
G. PURNELL

Date _____

⁽¹⁾ Name(s) of Defendant(s)
⁽²⁾ Name(s) of Plaintiff(s)

EXHIBIT A

# COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):



_____ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

✓ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

  _____ a. Uniform Commercial Code transactions;
  _____ b. Purchases or sales of business or the assets of businesses;
  ✓ c. Sales of goods or services by or to business enterprises;
  _____ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
  _____ e. Surety bonds;
  _____ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
  _____ g. Franchisor/franchisee relationships.

_____ 3. Actions relating to trade secret or non-compete agreements;

_____ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____ 5. Actions relating to intellectual property disputes;

_____ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

_____ 8. Actions relating to corporate trust affairs;

_____ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

_____ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

FOR PROTHONOTARY USE ONLY (DOCKET NUMBER)

NOVEMBER 2007    001293

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILADELPHIA STOCK EXCHANGE, INC. | KBW, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1900 Market Street<br>Philadelphia, PA 19103-3584 | 787 Seventh Avenue<br>New York, NY 10019 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☒ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
☐ $50,000.00 or less
☒ More than $50,000.00

COURT PROGRAMS
☐ Arbitration          ☐ Mass Tort          ☒ Commerce          ☐ Settlement
☐ Jury                 ☐ Savings Action     ☐ Minor Court Appeal ☐ Minors
☒ Non-Jury             ☐ Petition           ☐ Statutory Appeals  ☐ W/D/Survival
☐ ...Other:

CASE TYPE AND CODE (SEE INSTRUCTIONS)

CONTRACT (1C)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes   No<br>☐   ☐<br>☐   ☐<br>☐   ☐ |

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:    PHILADELPHIA STOCK
Papers may be served at the address set forth below.                        EXCHANGE, INC.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEPHEN KASTENBERG, ESQUIRE | Address (See Instructions) |
|---|---|
| PHONE NUMBER          FAX NUMBER<br>215-864-8122          215-864-9751 | BALLARD SPAHR ANDREWS & INGERSOLL, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |
| SUPREME COURT IDENTIFICATION NO.<br>70919 | E-MAIL ADDRESS<br>KASTENBERG@BALLARDSPAHR.COM |
| SIGNATURE | DATE<br>NOVEMBER 13, 2007 |

DMEAST #9917140 v1

# EXHIBIT F

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

July 11, 2007

<u>By Email</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

    Enclosed is the bill for services rendered for the
period ending June 30, 2007 on the McGowan matter.

    If you have any questions, please feel free to
contact me at your convenience.

                            Very truly yours,

                            Eric R. Levine

Enclosure

# EISEMAN LEVINE
# LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

———

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

July 11, 2007

McGowan Litigation

Professional services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/21/2007 | SW | Review new complaint and t/c w/ client re same | 2.25 490.00/hr | 1,102.50 |
|  | ERL | Various office and telephone conversations re: complaint; status and strategy | 0.50 510.00/hr | 255.00 |
| 6/22/2007 | ERL | Reviewed complaint and order dismissing complaint in Phlx action; various telephone conversations re: same | 1.50 510.00/hr | 765.00 |
|  | SW | Review opinion dismissing Philadelphia complaint and recent Supreme court decision re securities fraud pleading requirements | 2.00 490.00/hr | 980.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                      Page  2

| | | Hrs/Rate | Amount |
|---|---|---|---|

| 6/22/2007 JM | reviewing complaint; began research concerning motion to dismiss; email , Mitch Kleinman | 1.20 350.00/hr | 420.00 |
| 6/25/2007 SW | Review plaintiff's press release; t/c w/ client and o/c w/ E. Levine and J.Marquet re same; research re sanctions under Rule 11 and PSLRA | 3.75 490.00/hr | 1,837.50 |
| ERL | Various office and telephone conversations re: complaint, status and strategy; review filed complaint and exhibits; attention to letter to opposing counsel re: withdrawing complaint; attention to complaint | 4.00 510.00/hr | 2,040.00 |
| JM | research concerning motion to dismiss and defamation claims; office conference with SW, EL, MK | 5.70 350.00/hr | 1,995.00 |
| 6/26/2007 JM | research concerning motion to dismiss and defamation claims; office conference with SW | 6.80 350.00/hr | 2,380.00 |
| SW | Review pleadings and motion for reconsideration; research re sanctions against Minow, Rule 11 | 7.50 490.00/hr | 3,675.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                              Page  3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|

and related issues

| 6/26/2007 | ERL | Various office conferences re: motion to dismiss, status and strategy; review complaint and prior order to dismiss in Ginsberg | 4.00 510.00/hr | 2,040.00 |
| 6/27/2007 | SW | Review propose second amended complaint and motion to add KBW; continued review of file and case law re sanctions | 7.75 490.00/hr | 3,797.50 |
|  | ERL | Attention to motion to dismiss; various office conferences re: status and strategy | 1.20 510.00/hr | 612.00 |
|  | JM | research concerning motion to dismiss; office conference with Steve Weinstein | 6.10 350.00/hr | 2,135.00 |
| 6/28/2007 | SW | Review case law re defamation claims and o/cs w/ J. Marquet and E. Levine re same; continued review of pleadings and potential grounds for dismissal | 4.75 490.00/hr | 2,327.50 |
|  | JM | research concerning motion to dismiss; office conference with SW | 5.20 350.00/hr | 1,820.00 |

Eiseman Levine
Lehrhaupt & Kakoyiannis

Keefe Bruyette & Wood, Inc.                                    Page  4

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/29/2007 | JM | research concerning motion to dismiss | 1.10 350.00/hr | 385.00 |
| | SW | Research re appraisal rights under Delaware law and RICO isses | 6.75 490.00/hr | 3,307.50 |
| 7/2/2007 | SW | Review of case law re RICO standing, pleading requirements, securities fraud acts and related issues | 7.75 490.00/hr | 3,797.50 |
| 7/3/2007 | SW | Continued review of case law re RICO issues | 6.42 490.00/hr | 3,145.80 |
| 7/6/2007 | ERL | Various office and telephone conversations re: status and strategy | 1.00 510.00/hr | 510.00 |
| | SW | Continued review of case law re RICO issues for motion to dismiss | 4.25 490.00/hr | 2,082.50 |
| | ERL | Various office and telephone conversations re: status and strategy | 1.00 510.00/hr | 510.00 |

| | | |
|---|---|---|
| For professional services rendered | 92.47 | $41,920.30 |

Additional charges:

| | Qty | |
|---|---|---|
| Meals/meeting | 8 | 80.00 |
| Photocopy | 3119 | 311.90 |
| Postage | 1 | 0.63 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page  5

|                                                    | Qty | Amount |
|----------------------------------------------------|-----|--------|
| Telephone charges                                  | 1   | 3.30   |
|                                                    |     |        |
| Total costs                                        |     | $395.83 |
| Total amount of this bill                          |     | $42,316.13 |
| Previous balance                                   |     | $957.42 |
| 4/19/2007 Payment - thank you. Check No. 077772    |     | ($957.42) |
| Total payments and adjustments                     |     | ($957.42) |
| Balance due                                        |     | $42,316.13 |

EISEMAN LEVINE

LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

August 2, 2007

<u>By Email and Facsimile</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

        Enclosed is the bill for services rendered for the
period ending July 31, 2007 on the following matters:

        McGowan litigation

**REDACTED**

        If you have any questions, please feel free to
contact me at your convenience.

Very truly yours,

Eric R. Levine

Enclosure

# EISEMAN LEVINE
## LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

———

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

August 02, 2007

McGowan Litigation

Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/2/2007 | JM | research concerning Motion to Dismiss; email, KBW; telephone conference with Eric Levine; office conference with Steve Weinstein | 5.20 350.00/hr | 1,820.00 |
| 7/3/2007 | JM | research concerning Motion to Dismiss; | 4.20 350.00/hr | 1,470.00 |
| 7/5/2007 | JM | research concerning Motion to Dismiss; | 6.20 350.00/hr | 2,170.00 |
| 7/10/2007 | ERL | Attention to conflict letter; telephone conversation with MK re: same | 0.60 510.00/hr | 306.00 |
| 7/13/2007 | ERL | Attention to conflict issue; various office and telephone conversations re: same | 1.20 510.00/hr | 612.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page   2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/16/2007 | ERL | Telephone conversation with JS and Delloite re: status of matter | 0.30 510.00/hr | 153.00 |
|  | SW | Telephone conversation with JS and Delloite re: status and strategy | 0.30 490.00/hr | 147.00 |

| For professional services rendered | 18.00 | $6,678.00 |
|---|---|---|

Additional charges:

|  | Qty |  |
|---|---|---|
| Photocopy | 692 | 69.20 |
| Postage | 1 | 0.97 |
| Research | 2 | 41.60 |
| Telephone charges | 1 | 3.02 |
| WestLaw | 2 | 4,006.40 |

| Total costs |  | $4,121.19 |
|---|---|---|
| Total amount of this bill |  | $10,799.19 |
| Previous balance |  | $42,316.13 |
| Balance due |  | $53,115.32 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

September 4, 2007

By Email and Facsimile
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

     Enclosed is the bill for services rendered for the
period ending August 31, 2007 on the following matters:

McGowan litigation

**REDACTED**

     If you have any questions, please feel free to
contact me at your convenience.

Very truly yours,

Eric R. Levine

Enclosures

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

September 04, 2007
McGowan Litigation

|  | Amount |
|---|---|
| Previous balance | $53,115.32 |
| Balance due | $53,115.32 |

EISEMAN LEVINE

LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

November 2, 2007

<u>By Email and Facsimile</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

     Enclosed is the bill for services rendered for the period ending October 31, 2007 on the McGowan litigation.

     If you have any questions, please feel free to contact me at your convenience.

                              Very truly yours,

                              Eric R. Leviné

Enclosure

# EISEMAN LEVINE
## LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

———

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608


Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

═══════════════════════════════════════════════════

November 02, 2007
McGowan Litigation
           Professional services

|              |     |                                                                                                           | Hrs/Rate           | Amount   |
|--------------|-----|-----------------------------------------------------------------------------------------------------------|--------------------|----------|
| 9/20/2007    | SW  | Follow-up re plaintiff's "praecipe" to reissue summons                                                     | 0.30<br>495.00/hr  | 148.50   |
|              | ERL | Attention to service of summons issue; telephone conversation with client re: same                        | 0.30<br>525.00/hr  | 157.50   |
|              | EA  | Checking case status; conference with Eric Levine                                                          | 0.20<br>335.00/hr  | 67.00    |
| 10/18/2007   | SW  | T/cs/ w/ client and local counsel re effectiveness of service; o/c w/ E. Levine re same; review applicable rules | 0.75<br>495.00/hr  | 371.25   |
|              | ERL | Various office and telephone conversations re: service and Motion to Dismiss                               | 1.00<br>525.00/hr  | 525.00   |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page   2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/19/2007 | JM | reviewing complaint; reviewing prior research; office conference with Eric Levine | 4.60 350.00/hr | 1,610.00 |
| 10/22/2007 | SW | Follow-up with local counsel re validity of service | 0.25 495.00/hr | 123.75 |
|  | JM | reviewing complaint; reviewing prior research; office conference with Eric Levine | 3.80 350.00/hr | 1,330.00 |
| 10/23/2007 | SW | Review complaint and related documents for potential motion to dismiss issues | 1.00 495.00/hr | 495.00 |
|  | ERL | Reviewed complaint; various office conferences re: motion to dismiss, status and strategy; email exchange with client; reviewed complaint; reviewed and revised demand letter to Phlx for legal fees | 3.50 525.00/hr | 1,837.50 |
|  | JM | drafting letter to PHLX; various emails; drafting brief description of McGowan case | 3.10 350.00/hr | 1,085.00 |
| 10/24/2007 | SW | O/c w/ E. Levine and J. Marquet re motion to dismiss issues | 0.50 495.00/hr | 247.50 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page   3

|  | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 10/24/2007 | ERL | Various office conferences re: motion to dismiss, status and strategy | 1.00 525.00/hr | 525.00 |
| | JM | revising brief description of McGowan case; various emails | 0.20 350.00/hr | 70.00 |
| 10/25/2007 | ERL | Telephone conversation with adversary re: briefing schedule; various office conferences re: brief, status and strategy | 1.00 525.00/hr | 525.00 |
| | SW | Follow-up re local rule on page limits. pro haec vice motion, and adjournment procedures | 0.25 495.00/hr | 123.75 |
| 10/26/2007 | ERL | Attention to Stipulation re: briefing schedule; office conference re: same | 0.50 525.00/hr | 262.50 |
| 10/29/2007 | ERL | Reviewed and revised description of case for KBW insurance company; various office conferences re: same, status and strategy; reviewed Brody decision in prior Phlx matter; various office conference re: motion to dismiss | 2.00 525.00/hr | 1,050.00 |
| | SW | Prepare stipulation re briefing schedule and emails w/ local counsel | 1.25 495.00/hr | 618.75 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page   4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
|  |  | re same |  |  |
| 10/30/2007 | ERL | Various office conferences re: motion to dismiss, status and strategy | 0.50 525.00/hr | 262.50 |
|  | JM | Office conference with Eric Levine re: motion to dismiss | 0.50 350.00/hr | 175.00 |
| 10/31/2007 | JM | office conference with Steve Weinstein | 0.40 350.00/hr | 140.00 |
|  | SW | O/c w/ J. Marquet re identifying motion to dismiss issues | 0.50 495.00/hr | 247.50 |
|  | JM | Office conference with Steve Weinstein re: motion to dismiss | 0.50 350.00/hr | 175.00 |

For professional services rendered          27.90    $12,173.00
Additional charges:

|  |  | Qty |  |
|---|---|---|---|
| Fed Ex |  | 3 | 60.37 |
| Photocopy |  | 1958 | 195.80 |
| Telephone charges |  | 1 | 3.34 |

Total costs                                            $259.51

Total amount of this bill                           $12,432.51

Previous balance                                    $53,115.32

9/17/2007 Payment - thank you. Check No. 079845     ($53,115.32)

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                          Page   5

                                                                    Amount

   9/17/2007 Payment - thank you (remainder of check              ($4,592.93)
             applied to General). Check No. 79845

             Total payments and adjustments                      ($57,708.25)

             Balance due                                           $7,839.58

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

December 3, 2007

<u>Via Email and First Class Mail</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

    Enclosed are bills for services rendered for the period ending November 30, 2007 on the McGowan matter.

    If you have any questions, please feel free to contact me at your convenience.

                Very truly yours,

                Eric R. Levine

Enclosure

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

December 03, 2007
McGowan Litigation

### Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/1/2007 | JM | reviewing complaint and prior research; office conference with Steve Weinstein | 3.70 350.00/hr | 1,295.00 |
| 11/2/2007 | ERL | Attention to assumption of representation issue; various office and telephone conversations re: same | 1.30 525.00/hr | 682.50 |
| | JM | reviewing letter to PHLX; telephone conference with Eric Levine, Mitch Kleinman | 0.80 350.00/hr | 280.00 |
| 11/5/2007 | ERL | Various office and telephone conversations re: scheduling, pro hac vice, status and strategy | 0.50 525.00/hr | 262.50 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                      Page  2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/5/2007 | JM | research concerning motion to dismiss; reviewing pro hac vice forms; office conference with Lahavah Wallace; office conference with Steve Weinstein | 5.30 350.00/hr | 1,855.00 |
| 11/6/2007 | LW | Attention to obtaining info for Pro Hac Vice Forms | 2.50 150.00/hr | 375.00 |
|  | JM | research concerning motion to dismiss; office conference with Lahavah Wallace; various emails | 2.70 350.00/hr | 945.00 |
|  | SW | Review Pennmont Securities decision and related documents | 1.50 495.00/hr | 742.50 |
| 11/7/2007 | LW | Completeing Pro Hac Vice docs; assist JM w/DE case search | 1.50 150.00/hr | 225.00 |
|  | SW | Prepare pro hac vice application; review Ginsburg settlement documents and related papers; follow-up re Rico case dismissed by Brody; o/cw w/ J. Marquet and t/c w/ client re same | 1.75 495.00/hr | 866.25 |
|  | ERL | Various office conferences re: motion to dismiss, status and strategy; telephone conversation with PHLX counsel re: background | 2.00 525.00/hr | 1,050.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                            Page   3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
|  | of other litigations |  |  |
| 11/7/2007 JM | research concerning motion to dismiss; telephone conference with Eric Levine, Stephen Weinstein, Stephen Katzenberg; obtaining and reviewing Ginsburg Settlement Documents | 2.70 350.00/hr | 945.00 |
| 11/8/2007 SW | Follow-up re filing stip of adjournment; o/c w/ J. Marquet re effect of Ginsberg release | 0.25 495.00/hr | 123.75 |
| JM | Research concerning motion to dismiss; reviewing Ginsberg Settlement Documents | 5.10 350.00/hr | 1,785.00 |
| 11/9/2007 ERL | Attention to motion to dismiss; review various pleadings and transcripts from Ginsberg matter | 2.50 525.00/hr | 1,312.50 |
| JM | research concerning motion to dismiss; began drafting memorandum of law; reviewing various documents received from Ballard Spahr | 6.20 350.00/hr | 2,170.00 |
| 11/12/2007 JM | research concerning motion to dismiss; drafting memorandum of law | 7.10 350.00/hr | 2,485.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.

Page  4

| | | Hrs/Rate | Amount |
|---|---|---|---|

| 11/13/2007 ERL | Reviewed Ginsberg pleadings; transcripts and documents provided by Ballard Spahr various office conferences re: motion to dismiss | 2.50 525.00/hr | 1,312.50 |
| JM | drafting memo of law; research concerning motion to dismiss | 4.70 350.00/hr | 1,645.00 |
| 11/14/2007 SW | O/c w/ E. Levine, J. Marquet and E. Heichel re brief issues | 0.50 495.00/hr | 247.50 |
| ERL | Various office conferences re: motion to dismiss, status and strategy; review various pleadings and documents from related litigations | 2.00 525.00/hr | 1,050.00 |
| EPH | Office conference re: motion to dismiss; status and strategy | 0.50 490.00/hr | 245.00 |
| 11/15/2007 SW | O/C w/ E. Heichel and J. Marquet re RICO issues | 0.50 495.00/hr | 247.50 |
| ERL | Reviewed pleadings and documents from related cases; various office conferences re: motion to dismiss; various office conferences re: same | 3.00 525.00/hr | 1,575.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.

Page 5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/15/2007 | EPH | rev. decisions and complaint for motion to dismiss; rev. research on underlying claims | 4.00 490.00/hr | 1,960.00 |
| 11/16/2007 | ERL | Reviewed pleadings and briefs from related Phlx actions | 3.00 525.00/hr | 1,575.00 |
| | EPH | rev. prior decisions and pleadings | 2.00 490.00/hr | 980.00 |
| 11/19/2007 | ERL | Reviewed pleadings; various office conference re: motion to dismiss | 1.50 525.00/hr | 787.50 |
| | JM | drafting outline; office conference with Eric Levine, Eric Heichel, research concerning motion to dismiss | 2.30 350.00/hr | 805.00 |
| 11/20/2007 | EPH | rev. pleadings and previous motion papers; office cfs re motion | 1.75 490.00/hr | 857.50 |
| 11/21/2007 | JM | drafting outline | 0.50 350.00/hr | 175.00 |
| 11/26/2007 | SW | Review Common Pleas summons filed by PHLX; o/cs with E. Levine and t/cs w/ local counsel and client re new filing and potential responses | 1.75 495.00/hr | 866.25 |
| | LW | Various office conferences re: motion to dismiss; attention to Phlx DJ action; | 1.00 150.00/hr | 150.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.

Page 6

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| | | various office and telephone conferences re: same | | |
| 11/26/2007 | ERL | Various office conferences re: motion to dismiss; attention to Phlx DJ action; various office and telephone conferences re: same | 1.00 525.00/hr | 525.00 |
| | EPH | rev. background materials, draft motion | 6.25 490.00/hr | 3,062.50 |
| | JM | Drafting memorandum of law re: motion to dismiss | 2.70 350.00/hr | 945.00 |
| 11/27/2007 | EPH | rev. pleadings and decisions; draft motion to dismiss | 5.00 490.00/hr | 2,450.00 |
| | ERL | Attention to motion to dismiss | 0.40 525.00/hr | 210.00 |
| | JM | Drafting memorandum of law re: motion to dismiss | 2.60 350.00/hr | 910.00 |
| 11/28/2007 | LW | doc search; | 0.15 150.00/hr | 22.50 |
| | EPH | draft motion to dismiss; rev. background documents and caselaw for same | 5.00 490.00/hr | 2,450.00 |
| | JM | Drafting memorandum of law re: motion to dismiss | 4.70 350.00/hr | 1,645.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.

Page   7

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 11/29/2007 LW | Converting pdf for use in word; docket search for document | 1.25 150.00/hr | 187.50 |
| JM | Drafting memorandum of law re: motion to dismiss | 5.30 350.00/hr | 1,855.00 |
| 11/30/2007 JM | Drafting memorandum of law re: motion to dismiss | 7.50 350.00/hr | 2,625.00 |

| For professional services rendered | 120.75 | $48,766.25 |
|---|---|---|

Additional charges:

| | Qty | |
|---|---|---|
| Meals/meeting | 7 | 35.83 |
| Messenger | 2 | 15.90 |
| Photocopy | 3346 | 334.60 |
| Telephone charges | 1 | 5.15 |
| Transportation | 1 | 60.00 |

| Total costs | $451.48 |
|---|---|
| Total amount of this bill | $49,217.73 |
| Previous balance | $7,839.58 |
| Balance due | $57,057.31 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
———
TELEPHONE (212) 752-1000
FACSIMILE (212) 355-4608

December 21, 2007

<u>Via Email and First Class Mail</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
 Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

    Enclosed are bills for services rendered for the
period ending December 21, 2007 on the McGowan matter.

    If you have any questions, please feel free to contact
me at your convenience.

                              Very truly yours,

                              Eric R. Levine

Enclosure

# EISEMAN LEVINE
# LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

December 21, 2007
McGowan Litigation

Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 11/30/2007 | EPH | draft motion | 3.00<br>490.00/hr | 1,470.00 |
| 12/2/2007 | EPH | rev. draft motion papers | 0.75<br>490.00/hr | 367.50 |
| 12/3/2007 | JM | drafting motion to dismiss; research concerning res judicata and collateral estoppel | 8.60<br>350.00/hr | 3,010.00 |
| | ERL | Reviewed PA counsel's memo re: removal | 0.20<br>525.00/hr | 105.00 |
| 12/4/2007 | LW | Attention to Pro Hac Vice motion | 0.50<br>150.00/hr | 75.00 |
| | JM | drafting motion to dismiss; research concerning collateral estoppel and 10b-5 | 8.40<br>350.00/hr | 2,940.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page   2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/4/2007 | EPH | draft brief for motion; rev. research | 9.00 490.00/hr | 4,410.00 |
| 12/5/2007 | JM | drafting motion to dismiss; research concerning 10b-29b | 12.30 350.00/hr | 4,305.00 |
|  | EPH | revise motion papers; rev. research | 10.50 490.00/hr | 5,145.00 |
| 12/6/2007 | LW | Attention to Pro Hac Vice forms | 2.50 150.00/hr | 375.00 |
|  | JM | drafting motion to dismiss; research concerning RICO; office conference with Eric Heichel, Steve Weinstein | 10.80 350.00/hr | 3,780.00 |
|  | EPH | revise brief, cfs, research for same | 11.00 490.00/hr | 5,390.00 |
| 12/7/2007 | ERL | Reviewed and revised motion to dismiss, various office conferences re: same | 6.00 525.00/hr | 3,150.00 |
|  | JM | drafting motion to dismiss; research concerning 29(b) and 1962(d) | 6.10 350.00/hr | 2,135.00 |
|  | EPH | draft motion papers; cfs re same | 9.00 490.00/hr | 4,410.00 |
| 12/8/2007 | ERL | Reviewed and revised brief | 5.00 525.00/hr | 2,625.00 |
| 12/9/2007 | JM | drafting and revising motion to dismiss; research concerning service | 5.70 350.00/hr | 1,995.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page  3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/9/2007 | ERL | Reviewed and revised brief; various telephone conversations re: same | 3.00 525.00/hr | 1,575.00 |
|  | EPH | office cf re revisions to motion papers; review draft | 2.00 490.00/hr | 980.00 |
| 12/10/2007 | ERL | Reviewed and revised brief; various office conferences re: same | 4.00 525.00/hr | 2,100.00 |
|  | EPH | revise brief; cfs re same; review research | 4.00 490.00/hr | 1,960.00 |
|  | JM | revising memorandum of law; research; office conference with Eric Heichel, Eric Levine | 5.80 350.00/hr | 2,030.00 |
| 12/11/2007 | ERL | Attention to motion brief; various office and telephone conversations re: same | 4.50 525.00/hr | 2,362.50 |
|  | EPH | revise papers; telephone calls local counsel; cfs re preparation | 2.00 490.00/hr | 980.00 |
|  | JM | revising memorandum of law; research; telephone conference with Bennet Steinberg | 5.10 350.00/hr | 1,785.00 |
| 12/12/2007 | ERL | Various telephone conversations with local counsel re: brief; attention to same | 1.50 525.00/hr | 787.50 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page   4

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/12/2007 | EPH | rev. revisions to motion papers; cfs re same; attention to filing details | 2.00 490.00/hr | 980.00 |
| 12/13/2007 | LW | Assist JM w/CourtLink | 0.25 150.00/hr | 37.50 |
|  | JM | finalizing motion papers; various emails; telephone conference with Sean Mahoney | 5.10 350.00/hr | 1,785.00 |
|  | ERL | Attention to filing brief and supporting papers | 0.50 525.00/hr | 262.50 |
|  | EPH | revise motion to dismiss | 2.00 490.00/hr | 980.00 |
| 12/14/2007 | ERL | Attention to filing brief | 0.30 525.00/hr | 157.50 |
|  | JM | various emails, telephone conference with Sean Mahoney re: filing and serving motion to dismiss | 2.30 350.00/hr | 805.00 |
| 12/17/2007 | ERL | Various office conferences re: status and strategy | 0.30 525.00/hr | 157.50 |
|  | EPH | Various office conferences re: status and strategy | 0.30 490.00/hr | 147.00 |
|  | JM | Various office conferences re: status and strategy | 0.30 350.00/hr | 105.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page  5

|  | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/18/2007 LW | Arrangement for Pro Hac Vice fee, call to Mahoney to confirm adress for Fedex | 1.00 150.00/hr | 150.00 |
| 12/20/2007 JM | telephone conference with Bennet Steinberg | 0.10 350.00/hr | 35.00 |
| 12/21/2007 JM | telephone conference with Bennet Steinberg; telephone conference with Sean Mahoney; various emails | 0.50 350.00/hr | 175.00 |

| For professional services rendered | 156.20 | $66,024.50 |
|---|---|---|

Additional charges:

|  | Qty | |
|---|---|---|
| Fax | 1 | 50.00 |
| LEXIS | 1 | 487.69 |
| Legal/Outside | 1 | 120.00 |
| Meals/meeting | 9 | 63.62 |
| Postage | 1 | 0.97 |
| Transportation | 2 | 39.00 |
| WestLaw | 1 | 642.00 |

| Total costs | $1,403.28 |
|---|---|
| Total amount of this bill | $67,427.78 |
| Previous balance | $57,057.31 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                          Page   6

                                                                   Amount

   12/10/2007 Payment - thank you. Check No. 081192          ($49,217.73)

              Total payments and adjustments                 ($49,217.73)

              Balance due                                      $75,267.36

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

February 1, 2008

<u>Via Email and First Class Mail</u>
Mitchell Kleinman, Esq.
Keefe Bruyette & Woods
Asset Management
The Equitable Building
787 Seventh Avenue
New York, New York 10019

Dear Mitch:

Enclosed is the bill for services rendered for the period ending January 31, 2008 for the McGowan matter.

If you have any questions, please feel free to contact me at your convenience.

Very truly yours,

Eric R. Levine

Enclosure

# EISEMAN LEVINE
# LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

——

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

Keefe Bruyette & Wood, Inc.
787 Seventh Avenue
New York NY 10019-9961

February 01, 2008

McGowan Litigation

Professional services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/7/2008 | ERL | Various office and telephone conversations re: status, strategy and scheduling | 0.40 540.00/hr | 216.00 |
| | JM | Various office conferences re: status and strategy | 0.40 375.00/hr | 150.00 |
| 1/8/2008 | ERL | Attention to Court Order re: scheduling; various office conferences re: same | 0.50 540.00/hr | 270.00 |
| | JM | Various office conferences re: status and strategy | 0.40 375.00/hr | 150.00 |
| 1/9/2008 | ERL | Reviewed and revised letter to Court re: scheduling; office conference re: same | 0.30 540.00/hr | 162.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                   Page   2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/9/2008 | JM | drafting letter to Court concerning adjournment; telephone conference with Sean Mahoney; various emails | 1.10 375.00/hr | 412.50 |
| 1/14/2008 | JM | telephone conference with Sean Mahoney; telephone conference with Bennet Steinberg; reviewing letters from insurance carriers; drafting letters to insurance carriers | 2.90 375.00/hr | 1,087.50 |
|  | EPH | rev. corr. from insurance companies; revise letters to insurers; rev. submission to court re scheduling | 1.00 500.00/hr | 500.00 |
| 1/15/2008 | ERL | Attention to reply; various office conferences re: same, status and strategy | 0.30 540.00/hr | 162.00 |
|  | JM | Various office conferences re: reply memo | 0.50 375.00/hr | 187.50 |
| 1/16/2008 | EPH | rev. opposition to motion to dismiss; office cfs re same; rev. cited authorities | 3.00 500.00/hr | 1,500.00 |
|  | ERL | Reviewed and revised response brief; various office conferences re: same and reply brief | 2.00 540.00/hr | 1,080.00 |

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                        Page  3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/16/2008 | JM | office conference with Eric Levine, Eric Heichel; reviewing plaintiff's response to motion to dismiss | 2.70 375.00/hr | 1,012.50 |
| 1/17/2008 | ERL | Revised response brief | 3.50 540.00/hr | 1,890.00 |
|  | JM | office conference with Eric Levine and Eric Heichel | 0.70 375.00/hr | 262.50 |
|  | EPH | Office conference re: reply brief | 0.70 500.00/hr | 350.00 |
| 1/18/2008 | JM | Drafting reply memorandum; office conference with Eric Levine | 4.10 375.00/hr | 1,537.50 |
|  | ERL | Various office conferences re: reply brief, status and strategy | 0.50 540.00/hr | 270.00 |
| 1/20/2008 | JM | drafting reply memorandum of law | 2.10 375.00/hr | 787.50 |
| 1/21/2008 | JM | drafting reply memorandum of law | 3.60 375.00/hr | 1,350.00 |
| 1/22/2008 | JM | drafting reply memorandum of law; research concerning reply memorandum of law | 10.80 375.00/hr | 4,050.00 |
| 1/23/2008 | JM | drafting reply memorandum of law; research concerning reply memorandum of law | 7.80 375.00/hr | 2,925.00 |

 EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page   4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|

1/24/2008 EPH     revise reply brief                6.50        3,250.00
                                                    500.00/hr

           JM     revising reply                    8.10        3,037.50
                  memorandum of law;                375.00/hr
                  research concerning
                  reply memorandum of law

           ERL    Review and revise reply           3.50        1,890.00
                  brief; various office             540.00/hr
                  conferences re: same;
                  status and strategy

1/25/2008 ERL     Reviewed and revised              5.00        2,700.00
                  reply brief; various              540.00/hr
                  office conference re:
                  same, status and
                  strategy

           EPH    revise reply brief; cfs           7.50        3,750.00
                  re same                           500.00/hr

           JM     drafting and revising             4.80        1,800.00
                  reply brief; research             375.00/hr
                  concerning reply brief;
                  various office
                  conferences; various
                  emails

1/28/2008 ERL     Attention to reply                1.00          540.00
                  brief; attention to              540.00/hr
                  oral argument and
                  discovery

           EA     Various office and                0.60          210.00
                  telephone conversations          350.00/hr
                  re: subpoena

           JM     revising reply                    0.40          150.00
                  memorandum; various              375.00/hr
                  emails

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                              Page  5

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 1/29/2008 | ERL | Attention to reply brief; review adversaries 3rd Cir. brief; various office conferences re: same, status and strategy; telephone conversation with local counsel re: local rules | 2.30 540.00/hr | 1,242.00 |
| | EPH | rev. McGowan Third Circuit motion; revise reply brief on motion to dismiss; cfs re same | 2.50 500.00/hr | 1,250.00 |
| | JM | revising reply memorandum; reviewing plaintiff's third circuit brief | 2.80 375.00/hr | 1,050.00 |
| 1/30/2008 | JM | revising reply memorandum; telephone conference with Sean Mahoney; office conference with Eric Levine, Eric Heichel; telephone conference with court; various emails | 1.70 375.00/hr | 637.50 |
| | EPH | rev. submissions to court; telephone calls judge's clerk; telephone calls local counsel; attention to hearing issues; finalize brief | 2.25 500.00/hr | 1,125.00 |
| | ERL | Reviewed and revised reply brief; various office conferences re: same; telephone | 1.80 540.00/hr | 972.00 |

ЕISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                          Page  6

|                                                      | Hrs/Rate | Amount |
|------------------------------------------------------|----------|--------|

conversation with Court
re: conference

1/31/2008 EPH    prep for court          2.00        1,000.00
                 conference; rev.     500.00/hr
                 message from local
                 counsel

|                                                      |          |             |
|------------------------------------------------------|----------|-------------|
| For professional services rendered                   | 102.05   | $44,916.50  |

Additional charges:

|                  | Qty  |          |
|------------------|------|----------|
| Conference Call  | 2    | 17.18    |
| Fed Ex           | 4    | 84.13    |
| LEXIS            | 1    | 357.64   |
| Photocopy        | 1942 | 194.20   |
| Research         | 1    | 64.00    |
| Transportation   | 2    | 73.08    |
| WestLaw          | 1    | 3,389.21 |

| Total costs                | $4,179.44  |
|----------------------------|------------|
| Total amount of this bill  | $49,095.94 |
| Previous balance           | $75,267.36 |

1/17/2008 Payment - thank you. Check No. 81645        ($7,839.58)
1/17/2008 Payment - thank you. Check No. 81645        ($1,937.10)
1/28/2008 Payment - thank you. Check No. 081760       ($67,427.78)

Total payments and adjustments                        ($77,204.46)

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

Keefe Bruyette & Wood, Inc.                                    Page   7

                                                                Amount

                    Balance due                              $47,158.84

# EXHIBIT G



November 26, 2007

**By email pdf and First Class Mail**

Mitch Kleinman, Esquire
Keefe Bruyette & Woods
787 Seventh Avenue -- 4th Floor
New York, NY 10019

      Re:   McGowan Investors, et al. v. Keefe Bruyette & Woods, Inc., et al.

Dear Mitch:

      I write to follow up with you with respect to the question of indemnification discussed in your letter of November 2, 2007. In light our correspondence to date, further back and forth on the merits of this issue is clearly futile, and we are at an impasse. As I have mentioned, KBW and Mr. Spalluto are entitled to proceed with the counsel of their choice with respect to the defense of the above captioned matter; however, in light of PHLX's offer to assume the defense, KBW and Mr. Spalluto forego their right to indemnification by doing so.

      We are also disappointed that, through your counsel, you are unwilling to cooperate, even so as to maximize KBW and Mr. Spalluto's prospects on a motion to dismiss, which certainly is inconsistent with any right to indemnification. We believe that the complaint should be dismissed as a matter of law at the pleading stage, as have been the two other lawsuits raising similar issues.

      In light of the foregoing, we have initiated an action in the Pennsylvania Court of Common Pleas of Philadelphia County by writ of summons, a courtesy copy of which is attached. Please give me a call if KBW is willing to reconsider the indemnification issue either now or if it were to prevail on a motion to dismiss.

              Sincerely,

              Scott M. Donnini
              First Vice President, Associate General
              Counsel & Corporate Secretary

cc: Stephen Kastenberg, Esquire

By: Stephen J. Kastenberg                                  Attorney for Plaintiffs
kastenberg@ballardspahr.com
Identification No.: 70919
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone No.: 215-864-8122

| | |
|---|---|
| Philadelphia Stock Exchange, Inc.<br>1900 Market Street<br>Philadelphia, PA 19103-3584 | : PHILADELPHIA COUNTY<br>: COURT OF COMMON PLEAS<br>: TRIAL DIVISION<br>: |
| Plaintiff,<br>v.<br>KBW, Inc.<br>787 Seventh Avenue<br>New York, NY 10019 | :<br>: NOVEMBER TERM, 2007<br>: No. _____ 001293<br>:<br>: |
| Defendant. | : |

## PRAECIPE TO ISSUE WRIT OF SUMMONS
## CIVIL ACTION

To the Prothonotary:

    Kindly issue a Writ of Summons--Civil Action to KBW, Inc. in the above-

captioned matter.

                                                                 Stephen J. Kastenberg
                                                    BALLARD SPAHR ANDREWS &
                                                    INGERSOLL, LLP
                                                    1735 Market Street, 51st Floor
                                                    Philadelphia, PA 19103-7599
                                                    (215) 665-8500
                                                    Attorneys for Plaintiff

COURT OF COMMON PLEAS

NOVEMBER TERM 2007 20 ___ No. _____

001293

PHILADELPHIA STOCK
EXCHANGE, INC.

vs.

KBW, INC.

SUMMONS

C.P. 97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

PHILADELPHIA STOCK
EXCHANGE, INC.

COURT OF COMMON PLEAS
NOVEMBER 2007

_____ Term, 20_____

No. _____ 1293 _____

vs.

KBW, INC.

To:

KBW, INC.
787 SEVENTH AVENUE
NEW YORK, NY  10019

You are notified that the Plaintiff
*Usted esta avisado que el demandante*

PHILADELPHIA STOCK EXCHANGE, INC.
1900 MARKET STREET
PHILADELPHIA, PA  19103-3584

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____ ATTEST
NOV 13 2007
C. PURNELL

Date _____

Name(s) of Defendant(s)
Name(s) of Plaintiff(s)

EXHIBIT A

## COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

_____  1.  Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

√  2.  Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

   _____  a.  Uniform Commercial Code transactions;
   _____  b.  Purchases or sales of business or the assets of businesses;
   √  c.  Sales of goods or services by or to business enterprises;
   _____  d.  Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
   _____  e.  Surety bonds;
   _____  f.  Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
   _____  g.  Franchisor/franchisee relationships.

_____  3.  Actions relating to trade secret or non-compete agreements;

_____  4.  "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

_____  5.  Actions relating to intellectual property disputes;

_____  6.  Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

_____  7.  Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

_____  8.  Actions relating to corporate trust affairs;

_____  9.  Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

_____  10.  Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

FOR PROTHONOTARY USE ONLY (DOCKET NUMBER)

NOVEMBER 2007

001293

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILADELPHIA STOCK EXCHANGE, INC. | KBW, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1900 Market Street<br>Philadelphia, PA 19103-3584 | 787 Seventh Avenue<br>New York, NY 10019 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☒ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Non-Jury<br>☐ Jury<br>☐ ...Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

CONTRACT (1C)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| | Yes    No<br>☐    ☐<br>☐    ☐<br>☐    ☐ |

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

PHILADELPHIA STOCK EXCHANGE, INC.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEPHEN KASTENBERG, ESQUIRE | Address (See Instructions)<br>BALLARD SPAHR ANDREWS & INGERSOLL, LLP |
|---|---|
| PHONE NUMBER<br>215-864-8122 | FAX NUMBER<br>215-864-9751 | 1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |

| SUPREME COURT IDENTIFICATION NO.<br>70919 | E-MAIL ADDRESS<br>KASTENBERG@BALLARDSPAHR.COM |
|---|---|

| SIGNATURE | DATE<br>NOVEMBER 13, 2007 |
|---|---|



CORPORATION SERVICE COMPANY®

TWS / ALL
Transmittal Number: 5569235
Date Processed: 01/30/2008

# Notice of Service of Process

| Primary Contact: | Mitchell B. Kleinman<br>Keefe, Bruyette & Woods, Inc.<br>787 Seventh Avenue<br>Floor 5TH<br>New York, NY 10019 |
|---|---|

| | |
|---|---|
| Entity: | KBW, Inc.<br>Entity ID Number 2383554 |
| Entity Served: | KBW, Inc. |
| Title of Action: | Philadelphia Stock Exchange, Inc. vs. KBW, Inc. |
| Document(s) Type: | Praecipe |
| Nature of Action: | Other |
| Court: | Philadelphia County Court of Common Pleas, Pennsylvania |
| Case Number: | 001293 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 01/30/2008 |
| Answer or Appearance Due: | other/na |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Plaintiff's Attorney: | Stephen J. Kastenberg<br>215-665-8500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

1735 MARKET STREET, 51st FLOOR
PHILADELPHIA, PENNSYLVANIA 19103-7599
215-665-8500
FAX: 215-864-8999
WWW.BALLARDSPAHR.COM

BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
LOS ANGELES, CA
PHOENIX, AZ
SALT LAKE CITY, UT
VOORHEES, NJ
WASHINGTON, DC
WILMINGTON, DE

STEPHEN J. KASTENBERG
DIRECT DIAL: 215-864-8122
PERSONAL FAX: 215-864-9751
KASTENBERG@BALLARDSPAHR.COM

January 29, 2008

**By Hand Delivery**

John G. Duffy
Chairman and CEO
KBW, Inc.
787 Seventh Avenue
New York, NY 10019

Dear Mr. Duffy:

     We enclose service in the matter of Philadelphia Stock Exchange, Inc. v. KBW, Inc. before the Court of Common Pleas of Philadelphia County, Trial Division docket number 001293.

     We regret the need to proceed with personal service, but KBW's outside counsel informed us that he was not authorized to receive service on your behalf.

Sincerely,

Stephen J. Kastenberg

SJK/jts
Enclosure

DMEAST #9969881 v1

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

FOR PROTHONOTARY USE ONLY (DOCKET NUMBER)

**NOVEMBER 2007**

**001293**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PHILADELPHIA STOCK EXCHANGE, INC. | KBW, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1900 Market Street<br>Philadelphia, PA 19103-3584 | 787 Seventh Avenue<br>New York, NY 10019 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ ...Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☒ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

CONTRACT (1C)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|---|
| | Yes | No |
| | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

TO THE PROTHONOTARY:
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:      PHILADELPHIA STOCK
Papers may be served at the address set forth below.      EXCHANGE, INC.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEPHEN KASTENBERG, ESQUIRE | Address (See Instructions)<br>BALLARD SPAHR ANDREWS & INGERSOLL, LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |
|---|---|
| PHONE NUMBER  215-864-8122 | FAX NUMBER  215-864-9751 | |
| SUPREME COURT IDENTIFICATION NO.<br>70919 | E-MAIL ADDRESS<br>KASTENBERG@BALLARDSPAHR.COM |
| SIGNATURE | DATE<br>NOVEMBER 13, 2007 |

DMEAST #9917140 v1

EXHIBIT A

# COMMERCE PROGRAM ADDENDUM
## TO CIVIL COVER SHEET

This case *is* subject to the Commerce Program because it is not an arbitration matter and it falls within one or more of the following types (check all applicable):

___ 1. Actions relating to the internal affairs or governance, dissolution or liquidation, rights or obligations between or among owners (shareholders, partners, members), or liability or indemnity of managers (officers, directors, managers, trustees, or members or partners functioning as managers) of business corporations, partnerships, limited partnerships, limited liability companies or partnerships, professional associations, business trusts, joint ventures or other business enterprises, including but not limited to any actions involving interpretation of the rights or obligations under the organic law (e.g., Pa. Business Corporation Law), articles of incorporation, by-laws or agreements governing such enterprises;

√ 2. Disputes between or among two or more business enterprises relating to transactions, business relationships or contracts between or among the business enterprises. Examples of such transactions, relationships and contracts include:

    ___ a. Uniform Commercial Code transactions;
    ___ b. Purchases or sales of business or the assets of businesses;
    √ c. Sales of goods or services by or to business enterprises;
    ___ d. Non-consumer bank or brokerage accounts, including loan, deposit cash management and investment accounts;
    ___ e. Surety bonds;
    ___ f. Purchases or sales or leases of, or security interests in, commercial, real or personal property; and
    ___ g. Franchisor/franchisee relationships.

___ 3. Actions relating to trade secret or non-compete agreements;

___ 4. "Business torts," such as claims of unfair competition, or interference with contractual relations or prospective contractual relations;

___ 5. Actions relating to intellectual property disputes;

___ 6. Actions relating to securities, or relating to or arising under the Pennsylvania Securities Act;

___ 7. Derivative actions and class actions based on claims otherwise falling within these ten types, and consumer class actions other than personal injury and products liability claims;

___ 8. Actions relating to corporate trust affairs;

___ 9. Declaratory judgment actions brought by insurers, and coverage dispute and bad faith claims brought by insureds, where the dispute arises from a business or commercial insurance policy, such as a Commercial General Liability policy;

___ 10. Third-party indemnification claims against insurance companies where the subject insurance policy is a business or commercial policy and where the underlying dispute would otherwise be subject to the Commerce Program, not including claims where the underlying dispute is principally a personal injury claim.

By:  Stephen J. Kastenberg                                    Attorney for Plaintiffs
kastenberg@ballardspahr.com
Identification No.: 70919
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone No.:  215-864-8122

| | |
|---|---|
| Philadelphia Stock Exchange, Inc.<br>1900 Market Street<br>Philadelphia, PA 19103-3584<br><br>      Plaintiff,<br>           v.<br><br>KBW, Inc.<br>787 Seventh Avenue<br>New York, NY 10019<br><br>      Defendant. | :  PHILADELPHIA COUNTY<br>:  COURT OF COMMON PLEAS<br>:  TRIAL DIVISION<br>:<br>:<br>:<br>:  NOVEMBER TERM, 2007<br>:  No. _____ 001293 _____<br>:<br>:<br>:<br>: |

## PRAECIPE TO ISSUE WRIT OF SUMMONS
## CIVIL ACTION

To the Prothonotary:

      Kindly issue a Writ of Summons--Civil Action to KBW, Inc. in the above-

captioned matter.

                                      _____
                                        Stephen J. Kastenberg
                                        BALLARD SPAHR ANDREWS &
                                          INGERSOLL, LLP
                                        1735 Market Street, 51st Floor
                                        Philadelphia, PA 19103-7599
                                        (215) 665-8500
                                        Attorneys for Plaintiff

C.P. 97

# Commonwealth of Pennsylvania
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

PHILADELPHIA STOCK
EXCHANGE, INC.

COURT OF COMMON PLEAS

NOVEMBER 2007

_____ Term, 20_____

No. _____ 001293 _____

*vs.*

KBW, INC.

To[1]

KBW, INC.
787 SEVENTH AVENUE
NEW YORK, NY  10019

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

PHILADELPHIA STOCK EXCHANGE, INC.
1900 MARKET STREET
PHILADELPHIA, PA  19103-3584

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

ATTEST
NOV 13 2007
C. PURNELL

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-208 (Rev 6/00)

COURT OF COMMON PLEAS

NOVEMBER 2007

001293

_____Term, 20 ____ No. _____

PHILADELPHIA STOCK

EXCHANGE, INC.

vs.

KBW, INC.

SUMMONS

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599



John G. Duffy
Chairman and CEO
KBW, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808